```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                          Case No. 13-02665-HWV
Stephen L. Dickson                                              Chapter 13
       Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0314-1        User: AGarner              Page 1 of 1             Date Rcvd: Feb 14, 2018
                            Form ID: 3180W             Total Noticed: 16
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 16, 2018.
db             +Stephen L. Dickson,    401 Hunters Path,    York, PA 17402-2429
4320034        +CHASE,    PO BOX 24696,    COLUMBUS, OH 43224-0696
4320035        +FINANCIAL RECOVERIES,    200 E PARK DR. STE 100,    MOUNT LAUREL, NJ 08054-1297
4389905        +JPMorgan Chase Bank, National Association,     Chase Home Finance, LLC,    Attn: OH4-7119,
                 3415 Vision Drive,    Columbus, OH 43219-6009
4320036        +KML LAW GROUP, P.C.,    BNY MELLON INDEPENDENCE CTR.,    701 MARKET ST., STE 5000,
                 PHILADELPHIA, PA 19106-1541
4320030        +LAWRENCE V. YOUNG,    CGA LAW FIRM,    135 NORTH GEORGE STREET,    YORK, PA 17401-1132
4320037        +MICHAEL T. MCKEEVER, ESQ.,    701 MARKET STREET,    BNY INDEPENDENT CTR. STE 5000,
                 PHILADELPHIA, PA 19106-1538
4320032        +PA DEPARTMENT OF REVENUE,    PO BOX 281061,    HARRISBURG, PA 17128-1061
4320031        +SECRETARY OF TREASURY,    15TH & PENN AVENUE NW,    WASHINGTON, DC 20220-0001
4320039        +THOMAS HART FAMILY PRACTICE,    1001 SOUTH GEORGE STREET,    YORK, PA 17403-3676
4320040        +US DEPT OF ED/GLELSI,    PO BOX 7860,    MADISON, WI 53707-7860
4334722         US DEPT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,    MADISON, WI 53708-8973
4320041        +WELLSPAN MEDICAL GROUP,    C/O PHYSICIAN BILLING,    1803 MT. ROSE AVE., SUITE B3,
                 YORK, PA 17403-3051
4320042        +WELLSPAN MEDICAL GROUP,    C/O PHYSICIAN BILLING SERVICES,    P.O. BOX 15150,
                 YORK, PA 17405-7150
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4320033        +EDI: IRS.COM Feb 14 2018 18:58:00      INTERNAL REVENUE SERVICE,
                 CENTRALIZED INSOLVENCY OPERATIONS,    P.O. BOX 7346,    PHILADELPHIA, PA 19101-7346
4320038        +E-mail/Text: Bankruptcies@nragroup.com Feb 14 2018 18:53:25      NATIONAL RECOVERY AGENCY,
                 2491 PAXTON ST,    HARRISBURG, PA 17111-1036
                                                                                              TOTAL: 2

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4320029*       +Stephen L. Dickson,    401 Hunters Path,    York, PA 17402-2429
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2018                              Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 14, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Joshua I Goldman    on behalf of Creditor   JPMorgan Chase Bank, National Association
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              Lawrence V. Young    on behalf of Debtor 1 Stephen L. Dickson lyoung@cgalaw.com,
               tlocondro@cgalaw.com;scomegna@cgalaw.com;hlocke@cgalaw.com;rminello@cgalaw.com;kbrayboy@cgalaw.co
               m;jrosenau@cgalaw.com
              Thomas I Puleo    on behalf of Creditor   JPMorgan Chase Bank, National Association
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Stephen L. Dickson** | Social Security number or ITIN **xxx–xx–5349** |
| First Name   Middle Name   Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 _____ | Social Security number or ITIN _ _ _ _ |
| (Spouse, if filing) First Name   Middle Name   Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court **Middle District of Pennsylvania** | |
| Case number: **1:13–bk–02665–HWV** | |

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Stephen L. Dickson

**By the court:**

February 14, 2018

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: AGarner, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**